CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

June 23, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

DARRYL WAYNE MORELAND, JR.,    )
                               )
        Plaintiff,             )    Case No. 7:26-cv-00138
                               )
v.                             )    **MEMORANDUM OPINION**
                               )
JOHN DOE, *et al.*,            )    By:    Hon. Thomas T. Cullen
                               )           United States District Judge
        Defendants.            )

---

Plaintiff Darryl Wayne Moreland, Jr., a Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against several "John Doe" Defendants who are all law enforcement officers from various agencies. (*See* Compl. [ECF No. 1].) This matter is before the court for screening under 28 U.S.C. § 1915A. For the following reasons, Plaintiff's allegations fail to state a claim and, if that error is not corrected, his complaint must be dismissed.

In his complaint, Plaintiff alleges that on June 20, 2025, he was "taken into custody" while on Route 460 in Virginia. (Compl. at 4–5.) Plaintiff further alleges that he was not "resisting nor fighting [his] arrest" and an unnamed "female officer said no K-9 was required" to arrest Plaintiff. (Compl. at 5.) Despite this, Plaintiff was allegedly bitten by a police dog while in custody, causing "cuts and lacerations" to his right leg. (*Id.*) Plaintiff fails to identify which Defendant engaged in which allegedly wrongful acts, and, aside from a general listing of Defendants on a form complaint, fails to mention them in his pleading.

Before or soon after docketing, the court must review the complaint in any "civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Following its review, the court must dismiss the

complaint, or any portion thereof, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b). In assessing whether a prison complaint fails to state a claim for purposes of § 1915A, the court applies the same standard as under Federal Rule of Civil Procedure 12(b)(6). *See Fields v. Fed. Bureau of Prisons*, 109 F.4th 264, 267(4th Cir. 2024) (citations omitted), *rev'd on other grounds*, 606 U.S. 942 (2025). The court therefore accepts all well-pleaded factual allegations as true and draws all reasonable inferences in Plaintiff's favor and asks whether those allegations state a plausible claim for relief. *See id.*; *Hodges v. Meletis*, 109 F.4th 252, 259 (4th Cir. 2024) (citations omitted).

Further, when a prisoner files his complaint *pro se*, the court construes the allegations in his favor liberally and should not dismiss his claim unless "it appears certain that [he] cannot prove any set of facts in support of his claim entitling him to relief." *Shaw v. Foreman*, 59 F.4th 121, 127 (4th Cir. 2023) (quoting *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017)). Similarly, when an action implicates civil rights interests, the court "must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005) (cleaned up).

Plaintiff's claims arise under 42 U.S.C. § 1983, which authorizes a civil action by a citizen deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting

*West v. Atkins,* 487 U.S. 42, 48 (1988)). Importantly, liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Here, even liberally construing Plaintiff's complaint in his favor, Plaintiff has failed to allege facts that would show that any defendant violated his constitutional rights.

To state a claim under § 1983, a plaintiff must allege a personal connection between each defendant's actions and the denial of her constitutional rights. *See id.*; *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) ("[L]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." (cleaned up)). Plaintiff does not allege a personal connection between any Defendant and the alleged violation of his rights. Moreover, he cannot rely merely on the allegation that "defendants" violated his rights without specific allegations as to each of their conduct that allegedly gives rise to liability. *See, e.g.*, *Intercollegiate Women's Lacrosse Coaches Ass'n v. Corrigan Sports Enters., Inc.*, 505 F. Supp. 3d 570, 581–82 (M.D.N.C. 2020) ("In an action against multiple defendants, a complaint must state facts that support a cause of action against each individual defendant. Blanket conclusory allegations as to multiple defendants are insufficient. A plaintiff cannot rely on bare allegations relating to the conduct of all defendants to hold a defendant liable, but must identify specific acts or conduct taken by each defendant to state a claim." (cleaned up)). Because Plaintiff has failed to allege individual actions by any Defendant that allegedly violated his rights, he has failed to state a claim.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 23rd day of June, 2026.

/s/ *Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE